IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOHN TOMLINSON, as Conservator for JAMES VERNON BECK, JR. | : : : | |
| Plaintiff, | : | CASE NO. |
| v. | : : | 3:11-CV-107 (CAR) |
| JAMES VERNON BECK, III, PRUDENTIAL INSURANCE COMPANY OF AMERICA and SUNTRUST BANK, | : : : : : | |
| Defendants. | : | |

_____

## ORDER ON PLAINTIFF'S MOTION FOR REMAND

Currently before the Court is Plaintiff John Tomlinson's Motion for Remand. [Doc. 11]. Plaintiff asserts that this matter should be remanded to the Superior Court of Walton County for lack of diversity. For the reasons below, Plaintiff's Motion for Remand [Doc. 11] is **GRANTED.**

### Background

On July 8, 2011, Plaintiff John Tomlinson, as Conservator for James Vernon Beck, Jr., filed a civil action against James Vernon Beck, III and Prudential Insurance Company of America ("Prudential") in the Superior Court of Walton County, Georgia. Plaintiff asserted claims of conversion of a negotiable instrument and breach of contract.

On August 12, 2011, Prudential unilaterally removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Prudential answered Plaintiff's Complaint on August 19, 2011, and Plaintiff became aware that Suntrust Bank, a Georgia corporation, needed to be joined as an additional defendant.  On August 31, 2011, Plaintiff filed a motion to amend his complaint and add Suntrust Bank as an additional party.  [Doc. 5].  This Court granted the motion [Doc. 6], and Suntrust was added as a defendant on September 1, 2011.  Plaintiff filed an Amended Complaint, reasserting his claims of conversion of a negotiable instrument and breach of contract against Prudential and James Vernon Beck, III, and adding a claim of conversion of a negotiable instrument against Suntrust.  [Doc. 7].

## Discussion

Federal courts are courts of limited jurisdiction.  Burns v. Winsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Accordingly, federal courts only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress.  Id.  Removal to federal court is proper for "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  However, because federal jurisdiction is limited, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  Burns, 31 F.3d at 1095.

Prudential has attempted to invoke this Court's diversity jurisdiction. District courts only have original jurisdiction pursuant to 28 U.S.C. § 1332 where the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). In this case, it is undisputed that the amount in controversy exceeds $75,000 and that Plaintiff is a citizen of the state of Georgia. At the time Prudential removed this action, the parties were completely diverse. Prudential is a New Jersey corporation and has its principal place of business there, and James Beck, III is a citizen of the state of Florida. However, when Plaintiff amended his Complaint to assert claims against Suntrust, complete diversity no longer existed. Suntrust is a Georgia corporation and has its principal place of business in Georgia as well. Thus, Suntrust, like Plaintiff, is a citizen of the state of Georgia. 28 U.S.C. § 1332(c)(1).

Plaintiff amended his Complaint, but the Eleventh Circuit has held that an amendment in this situation amounts to a joinder. <u>Ingram v. CSX Transportation, Inc.</u>, 146 F.3d 858, 862 (11th Cir. 1998) (although plaintiff styled motion to add defendant as a motion to amend her complaint, the amendment amounted to a joinder pursuant to Federal Rule of Civil Procedure 20). Thus, this Court must consider 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Since Plaintiff and Suntrust are both

citizens of Georgia, complete diversity no longer exists.  This Court has no subject matter jurisdiction, and Plaintiff's Motion for Remand is therefore **GRANTED.**

## Conclusion

Pursuant to 28 U.S.C. § 1447(c), the cause is hereby **REMANDED** to the state forum for further proceedings because this Court lacks subject matter jurisdiction.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Superior Court of Walton County, Georgia, CAFN: 11-1339-2.

SO ORDERED, this 18th day of November, 2011.


S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES/jlr